FARRIS PIERSON,

        Plaintiff,

    v.

RENAISSANCE LEARNING, INC.,

        Defendant.

Case No. 3:25-cv-0877

District Judge Aleta Arthur Trauger

**DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT**

Defendant Renaissance Learning, Inc. ("Defendant" or "Renaissance"), by undersigned counsel, hereby moves the Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's Complaint, with prejudice. As grounds for this Motion, Defendant respectfully submits that Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant.

## I.      Introduction

Plaintiff's Complaint fails to state a claim for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000, et seq. ("Title VII") against Defendant. First, Plaintiff does not plausibly allege that Defendant discriminated against him due to his race, religion, or any other protected group. The Complaint rests entirely on conclusory allegations that fail to provide the detail commanded by the pleading requirements set forth in *Twombley* and *Iqbal*. Second, Plaintiff fails to exhaust his administrative remedies for all claims asserted in his Complaint. Third, Plaintiff alleges a Title VII discrimination due to his "political beliefs," which is not a protected category under the statute, and therefore not an actionable claim. Plaintiff's Complaint accordingly should be dismissed in its entirety.

## II.     Procedural and Factual Background

On April 15, 2024, Plaintiff, a former employee of Renaissance, filed a Charge of Discrimination with the EEOC against Defendant. (Plaintiff's EEOC Charge, Dkt. 1-2.) Then, on May 07, 2025, the EEOC dismissed Plaintiff's Charge and issued a Right to Sue letter. (EEOC Right to Sue, Dkt. 1-1.) On August 4, 2025, Plaintiff filed the instant lawsuit *pro se*. (Dkt. 1.) On April 30, 2026, Renaissance received service of the Complaint and Summons. (*See* Dkt. 12.) On May 20, 2026, Renaissance requested a twenty-one day extension to file its responsive pleading. (*See* Dkt. 13.) On May 27, 2026, the Court granted Renaissance's Motion for Extension of Time. (*See* Dkt. 17.)

Plaintiff began his employment with Renaissance in June 2021 as a Strategic Account Manager and remained employed until his termination in June 2023. Compl. ¶¶ 16-17. At the time of his termination, Plaintiff held the position of Regional Sales Director. Compl. ¶ 17. As part of his job responsibilities, the Plaintiff was occasionally required to conduct site visits with other employees. Compl. ¶¶ 31, 49. During one such visit, the Plaintiff engaged in an interaction with Isabella Di Ruocco, a Renaissance employee, after which she chose to file an internal complaint, prompting the Company to take the matter seriously and initiate appropriate internal review processes.  Compl. ¶¶ 44, 45, 49, 50, 53. Following an internal investigation into the matter, the Plaintiff's employment was terminated on the grounds of gross misconduct and a violation of the company's workplace code of conduct and communication policies.[1] Compl. ¶¶ 45, 53.

---

[1]  Defendant does not concede that the facts as alleged in the Complaint are true in any respect but, for the purposes of this Motion only, presents them as alleged in the Complaint. Rather, Defendants assert Plaintiff's allegations are legally insufficient to establish her claims even if accepted as true for the purposes of this Motion.

2

### III. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, Plaintiff's Complaint "must contain sufficient factual matter, accepted as true to 'state a claim to that relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6); *Al Zubair v. Davison*, No. 1:25 CV 1495, 2026 WL 672824, at *2 (N.D. Ohio Mar. 10, 2026). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56 (citations and quotations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (2009) (quoting *Twombly*, 550 U.S. at 556).

Although a *pro se* complaint must be held to a less stringent standard than that prepared by an attorney, the courts have not been willing to abrogate basic pleading essentials in *pro se* suits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). "[M]ore than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." *Id.* A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Saltire Indus., Inc. v. Waller, Lansden, Dortch & Davis, PLLC*, 491 F.3d 522, 526 (6th Cir. 2007) (citations omitted). Thus, the less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled facts to support conclusory allegations. *Chapman v. Bell*, No. 3:11-1135, 2013 WL 416228, at *8 (M.D.

Tenn. Jan. 14, 2013), report and recommendation adopted, No. 3-11-1135, 2013 WL 411416 (M.D. Tenn. Jan. 31, 2013), aff'd (Aug. 8, 2014) (citations omitted). Here, as discussed below, Plaintiff's discrimination claims suffer from incurable deficiencies and thus should be dismissed.

## IV. Argument

### a. Plaintiff Fails to Exhaust His Administrative Remedies for All of His Claims.

It is well-settled that exhaustion of administrative remedies is a prerequisite to filing a district court lawsuit alleging discrimination under Title VII, *see Brown v. General Serv. Admin.*, 425 U.S. 820, 823-33, (1976), and that a plaintiff may only bring a Title VII action in district court after he has exhausted the administrative remedies provided under 42 U.S.C. § 2000e-16. Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of "vague sympathy for particular [*pro se*] litigants." *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984). Exhaustion is a mandatory prerequisite under Title VII that is strictly enforced if properly raised by the defendant. *Kilpatrick v. HCA Hum. Res., LLC*, 838 F. App'x 142, 145–46 (6th Cir. 2020); *Cotton v. Williamson Cnty. Govt.*, 650 F. Supp. 3d 609, 631 (M.D. Tenn. 2023).

An employee alleging employment discrimination in violation of the statute must first file an administrative charge with the EEOC within a certain time after the alleged wrongful act or acts, 42 U.S.C. § 2000e–5(e)(1), and a Title VII plaintiff generally "cannot bring claims in a lawsuit that were not included in his EEOC charge." *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361-62 (6th Cir. 2010) (citing 42 U.S.C. § 2000e–5(f)(1) (holding that a Title VII plaintiff did not exhaust his retaliation claim when he failed to check the "RETALIATION" box on the charge form or include any allegations of retaliation in his narrative). The EEOC charge must be "sufficiently precise to identify the parties, and to describe generally the action or practices

4

complained of," so that the EEOC charge can serve its purpose, "trigger[ing] an investigation ... giv[ing] notice to the alleged wrongdoer of its potential liability and enabl[ing] the EEOC to initiate conciliation procedures in an attempt to avoid litigation." *Gipson v. Cincinnati Children's Hosp. Med. Ctr.*, No. 1:20-CV-294, 2025 WL 1557950, at \*8 (S.D. Ohio June 2, 2025) (citations omitted); *see also*, *Campbell-Jackson v. State Farm Ins.*, No. 23-1834, 2024 WL 4903807, at \*5 (6th Cir. Nov. 27, 2024) (holding that the plaintiff failed to exhaust her race-based termination claim solely by checking the "RACE" box because her EEOC charge did not include sufficient factual allegations to put the EEOC on notice that she was fired because of her race, and affirming dismissal of that claim).

**1. Sex Discrimination and Retaliation**

Despite the fact Plaintiff Farris affixes proper labels to only two of his claims—religious discrimination and retaliation—he also alleges other discriminatory claims throughout the remainder of his Complaint. *See* Compl. ¶¶ 54-59, 60-64. In fact, he alleges Title VII discrimination claims against the Defendant on the basis of the following—race, sex, gender, religion, political beliefs, and retaliation. As a matter of law, Plaintiff fails to exhaust administrative remedies for his Title VII discrimination claims based on sex and retaliation, as he did not check those boxes in his EEOC charge, nor does he allege any facts in his EEOC charge to support any such claim. *See* Plaintiff's EEOC Charge, Dkt. 1-2.[2] Given that this Circuit has previously held that failure to check the "RETALIATION" box on the charge form or include any allegations of retaliation in the narrative justifies dismissal, Farris' retaliation and sex

---

[2] *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680–81 (6th Cir. 2011) (stating that in a motion to dismiss, "a court may consider 'exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein,' without converting the motion to one for summary judgment.") In this Motion to Dismiss, Defendant therefore refers to Plaintiff's EEOC charge attached to the Complaint.

discrimination claims should be dismissed. Moreover, in his narrative attached to his EEOC Charge, Farris provides no facts alleging his sex was ever a deciding factor in determining his termination. *See* Plaintiff's EEOC Charge, Dkt. 1-2. Neither does he make any allegation of possible retaliatory conduct by the Defendant in this Charge. *Id.* Therefore, due to his failure to indicate through either checking a box or alleging any facts in his EEOC charge regarding sex discrimination or retaliation, Plaintiff fails to successfully exhaust his administrative remedies for these claims.

Additionally, since Plaintiff was terminated prior to filing the EEOC charge, the exception for retaliation claims does not apply under the current circumstances. For a court to allow Plaintiff to raise that retaliation claim for the first time in federal court, even if it was not included in the original EEOC charge, the retaliatory conduct would have to "reasonably related to" the original charge and a predictable outgrowth of the administrative process. This exception is premised on the idea that the retaliatory conduct occurs after and in response to the EEOC filing itself. However, under the current circumstances where Plaintiff was terminated prior to any of his administrative or court filings, Defendant could not have retaliated against Plaintiff in any conceivable way. Therefore, Plaintiff's conclusory retaliation allegation should be dismissed as a result of his failure to exhaust.

### 2. Racial and Religious Discrimination

The fact that Plaintiff selected the boxes "RELIGION" and "RACE" in his charge sheet is insufficient to show that he exhausted his administrative remedies because he did not allege sufficient facts to put the EEOC on notice that he was terminated due to his religion or race. Here, because the Charge failed to describe any conduct, statements, or circumstances suggesting that his termination was motivated by his race or religious beliefs or practices, it did not

6

"describe generally the action or practices complained of" in a way that would trigger a meaningful EEOC investigation into religious or racial discrimination. *See Gipson*, 2025 WL 1557950, at *8.

Regarding his religious discrimination claim, Farris alleged conclusorily that his religious beliefs were "referenced" during his disciplinary investigation and that he was terminated "based on his religious beliefs." *See* Plaintiff's EEOC Charge, Dkt. 1-2. In the EEOC Charge, there are no other facts indicating Defendant's possible wrongdoings in violation of federal anti-discrimination statutes on the basis of Plaintiff's religion. Regarding his racial discrimination claim, he makes yet another conclusory allegation that he was terminated because of "his race (White)" and that another "non-white RL Employee made incentive comments about Native Americans yet was not terminated or even disciplined." *Id*. He provided no further information about the alleged "non-white" employee. Without such factual content, the employer was not put on notice of a religion-based or race-based claim, and the EEOC was not afforded an opportunity to investigate or conciliate that theory. Accordingly, the bare checking of the boxes labeled "RELIGION" or "RACE", absent supporting allegations, is insufficient to satisfy the exhaustion requirement. Because he failed to provide a general description of the challenged actions or practices sufficient to initiate a meaningful EEOC investigation in his EEOC, he also failed to exhaust his administrative remedies for his racial and religious discrimination claims.

### b. Plaintiff Also Fails to Sufficiently Plead a Plausible Discrimination Claim on the Basis of Religion (Count I).

In addition to failing to exhaust his administrative remedies, Plaintiff's complaint should also be dismissed for failing to state a claim. To survive a motion to dismiss, a plaintiff's complaint needs to provide "an adequate factual basis" to support these elements. *Dzik v. Accident Fund Ins. Co.*, No. 1:23-CV-193, 2024 WL 662485, at *3 (W.D. Mich. Jan. 25, 2024).

7

To establish a *prima facie* case of religious discrimination under Title VII, a plaintiff must show (1) the employee holds a sincere religious belief that conflicts with an employment requirement; (2) the employee informed the employer about that conflict; and (3) the employer took an adverse employment action against the employee for failing to comply with the conflicting employment requirement. *Sturgill v. Am. Red Cross*, 114 F.4th 803, 809 (6th Cir. 2024).

The Supreme Court established a plausibility standard in *Twombly* and *Iqbal* for assessing whether a complaint's factual allegations support its legal conclusions, and that standard applies to causation in discrimination claims. *See Pedreira v. Kentucky Baptist Homes for Children, Inc.*, 579 F.3d 722, 728 (6th Cir. 2009) (affirming dismissal of religious discrimination claim where plaintiff failed to allege facts plausibly linking her termination to religious beliefs). In fact, "[t]o show that the termination was based on her religion, [the plaintiff] must show that it was the religious aspect of her [conduct] that motivated her employer's actions." *Hall v. Baptist Meml. Health Care Corp.*, 215 F.3d 618, 627 (6th Cir. 2000).

The factual allegations in Plaintiff's Complaint contain nothing which would even remotely suggest that he was the subject of unlawful religious discrimination. Here, Plaintiff claims that Defendant's conduct reflects discriminatory animus, as Plaintiff was questioned about topics unrelated to job performance—including his religious views and past coaching of Kyle Rittenhouse, while no similarly situated non-Christian, female, or minority employees were subjected to similar treatment for comparable or more egregious conduct. First, Plaintiff fails to link past coaching of Kyle Rittenhouse to his sincerely held belief as a Christian. There are no details alleging his subjective beliefs as a Christian is somehow tied to coaching Kyle Rittenhouse in the past. Compl.¶ 57. He further alleges that the investigation following his

conduct disproportionately focused on his sincerely held religious beliefs without identifying how so. Compl.¶ 56.

Second, merely identifying a plaintiff's religion, without alleging facts that plausibly show the adverse conduct was because of that religion, is insufficient to plead the causation element of a religious discrimination claim. Nowhere in his Complaint does he expressly identify a company policy or employment requirement that opposes his past experience as Kyle Rittenhouse's coach or any of his other alleged religious beliefs. Even if such requirement did exist, Plaintiff never informed the employer that it was in conflict with his sincerely held religious belief as a Christian. Plaintiff further does not explain how his "views on transgender individuals," "if he uses personal pronouns on work e-mails," his political viewpoints," "abortions," "the Black Lives Matter movement," "homeless encampments," or "diversity initiatives" relate to his religious beliefs as a Christian. Compl. ¶ 38. Third, despite his conclusory allegation, Plaintiff fails to identify any similarly situated non-Christian employees who engaged in gross misconduct or violated the company's anti-harassment policies and were not terminated afterwards. Compl.¶ 57. As a result, he failed to allege facts plausibly linking his termination to religious beliefs. Therefore, he fails to allege that the religious aspect of his conduct motivated his employer's actions since Defendant provides non-discriminatory reason for his termination.

### c. Plaintiff Fails to Sufficiently Plead a Plausible Retaliation Claim (Count II).

Similarly, Plaintiff's retaliation claim is ripe for dismissal for failing to state a claim. Title VII prohibits an employer from retaliating against an employee who has "opposed" any practice by an employer made unlawful under Title VII. It also prohibits retaliation against an employee who has "participated" in any manner in an investigation under Title VII. 42 U.S.C. §

9

2000e–3(a); *Schelle v. City of Piqua, Ohio*, No. 24-3980, 2025 WL 1592135, at \*6 (6th Cir. June 5, 2025); *Warren v. Ohio Dept. of Pub. Safety*, 24 Fed. Appx. 259, 264 (6th Cir. 2001) (unpublished). To establish a claim under either clause, Plaintiff must meet the test of a slightly modified McDonnell Douglas framework by showing that: 1) he engaged in activity protected by Title VII; 2) this exercise of protected rights was known to Defendants; 3) Defendants thereafter took an adverse employment action against Plaintiff, and 4) there was a causal connection between the protected activity and the adverse employment action. *Dixon v. Gonzales*, 481 F.3d 324, 333 (6th Cir. 2007).

Plaintiff fails to plausibly allege the initial element of engaging in any protected activity under the opposition clause, as there are no factual allegations of him filing any internal complaints or opposing any alleged discriminatory practices. Moreover, Plaintiff's allegations do not support a claim under the "participation" clause, as that protection likewise requires that the employee participated in a Title VII investigation or proceeding prior to the alleged adverse action. Here, Plaintiff's only alleged participation—the filing of his EEOC charge—occurred nearly ten months after his termination, rendering it temporally impossible for that activity to have motivated Defendants' decision. *See* Plaintiff's EEOC Charge, Dkt. 1-2. Even assuming arguendo that Plaintiff had engaged in protected activity, the Complaint is devoid of any facts demonstrating that Defendants had knowledge of such activity at the relevant time, which is fatal to his claim. Additionally, Plaintiff fails to allege any facts suggesting a causal nexus between any purported protected activity and the adverse employment action, as the Complaint offers only conclusory assertions without supporting factual content. Accordingly, Plaintiff has not met the pleading requirements necessary to sustain a retaliation claim under Title VII, and dismissal of this claim is warranted.

**d. Plaintiff's Discrimination Claims Based Political Beliefs are Outside of the Scope of Title VII's Protected Groups.**

The statutory language of Title VII prohibits discrimination based on five categories—race, color, religion, sex, and national origin. *See* 42 U.S.C. § 2000e–2(a). Title VII does not prohibit discrimination on the basis of political affiliation. *See generally*, *Castillo Morales v. Best Fin. Corp.*, 652 F. Supp. 412, 415 (D.P.R. 1987), aff'd, 831 F.2d 280 (1st Cir. 1987) (dismissing employee's Title VII claim that supervisor persecuted him due to his political affiliation because such claims are not covered by Title VII); *Devore v. Cheney U. of Pennsylvania*, No. CIV.A. 11-274, 2012 WL 10322, at *4, n.11 (E.D. Pa. Jan. 3, 2012) ("[P]olitical affiliation discrimination . . . is not a proper basis of a Title VII claim.").

Plaintiff improperly alleges that Defendant discriminated against him due to his political opinions in violation of Title VII. The Complaint itself confirms that a substantial portion of the investigation allegedly focused on Plaintiff's views concerning political and social issues—including Black Lives Matter, abortion, Kyle Rittenhouse, and corporate diversity initiatives—which fall squarely outside the protections afforded by Title VII. While Plaintiff attempts to characterize the investigation as "biased and invasive," the relevant inquiry under Title VII is whether Defendant took adverse action because of Plaintiff's membership in a protected class—not whether the employer questioned or considered non-protected viewpoints.

**e. Plaintiff Fails to Sufficiently Plead A Plausible Sex Discrimination Claim.**

Plaintiff alleges that he "was unlawfully terminated … based on his religious beliefs, sex, and race," and asserts more specifically that Defendant regarded him as "guilty by virtue of his immutable traits" as "a straight, white, Christian male." Compl. ¶¶ 1, 8. He further contends, in general terms, that the company favored "certain preferred minority groups, including women." Compl. ¶ 6. These assertions, however, are wholly conclusory and unsupported by any factual

11

content that would permit a reasonable inference of sex-based discrimination. Plaintiff does not identify a single similarly-situated female employee who engaged in comparable conduct yet received more favorable treatment, nor does he allege the existence of any internal complaint against a counterpart that was handled differently. His bare statement that "no similarly situated … female … employees were subjected to similar treatment" is insufficient, as it is unaccompanied by factual allegations describing the comparators, their conduct, or the circumstances of their treatment. Compl. ¶ 57. With respect to such detail, the complaint fails to bridge the critical gap between speculation and plausibility. Although Plaintiff adequately pleads that he is male, he alleges no facts demonstrating that his sex played any role in Defendant's decision-making or that there was a causal nexus between his gender and his termination. Accordingly, his allegations fall short of raising a plausible inference that the adverse employment action was motivated, even in part, by unlawful sex discrimination. *Spann v. Tennessee Dep't of Correction*, No. 1:25-CV-00005, 2026 WL 458295, at *3 (M.D. Tenn. Feb. 17, 2026); *see also*, *Burse v. Nashville Cmty. Care at Bordeaux*, No. 3:17-CV-01117, 2018 WL 2560400, at *6 (M.D. Tenn. June 4, 2018) (dismissing plaintiff's sex discrimination claim when plaintiff makes only the conclusory assertion that other employees in the same or similar situation as he were treated better by being counseled instead of being terminated).

   **f.   Plaintiff Fails to Plausibly Plead A Plausible Race Discrimination Claim.**

Even when a plaintiff fails to clearly identify a cause of action, to survive a motion to dismiss, a Title VII race discrimination complaint must allege sufficient facts to allow the court to plausibly infer that the employer took adverse action because of the plaintiff's race. Conclusory statements or mere identification of the plaintiff's race are not enough. *Washington v. Sodecia Auto.*, No. 25-1362, 2025 WL 2965835, at *2 (6th Cir. Oct. 21, 2025).

Although Plaintiff repeatedly invokes "race" as a basis for discrimination, he offers only conclusory assertions that his termination was motivated by his status as a white employee, without factual allegations supporting a reasonable inference of discriminatory intent. The Complaint does not identify any similarly situated employees outside Plaintiff's protected class who were treated more favorably under comparable circumstances, nor does it plead facts showing that any decisionmaker acted with race-based animus. Instead, Plaintiff relies on generalized criticisms of the company's diversity initiatives and speculative claims about "equity" policies favoring minority employees, which fall far short of the factual specificity required to nudge his claim across the line from conceivable to plausible. Compl. ¶¶ 2, 6. After stating that he is a white man, Plaintiff's complaint makes no factual allegations from which an inference of discriminatory animus can be drawn. He lists specific events—being allegedly questioned about his political views, and that he was discharged due to his race—but does not allege how his race determined his interview questions or caused his termination. Compl. ¶¶ 1, 5, 39, 45, 57.

Moreover, the isolated comparator allegations included in the Complaint are insufficient as a matter of law. Plaintiff references a single incident involving a different employee who allegedly used insensitive language but was not disciplined. Compl. ¶ 47. However, the Complaint provides no facts establishing that this employee was similarly situated to Plaintiff in role, conduct, or decisionmaker, or that the circumstances were comparable in any meaningful way. Without such allegations, the purported comparator cannot support an inference of race discrimination. Similarly, Plaintiff's assertion that he was terminated "because he was a straight, white, Christian male" is a legal conclusion unsupported by well-pleaded facts. Compl. ¶ 1. Absent factual allegations connecting Plaintiff's race to the adverse action, the Complaint

13

amounts to little more than speculation and labels, which are insufficient under the *Iqbal* and *Twombley* standard. Accordingly, Plaintiff's race-based discrimination claim should be dismissed.

**V. Conclusion**

Plaintiff failed to allege facts in his Complaint sufficient to state a claim alleging discrimination based on sex, race, religion, or retaliation, that is plausible on its face. While the Court must accept as true all non-conclusory allegations in the Complaint, it does not have to accept his unsupported legal conclusions. *Iqbal*, 556 U.S. at 678. Additionally, Plaintiff failed to exhaust administrative remedies as to the factual allegations found in his Complaint. Defendant respectfully requests that the Court enter an Order dismissing Plaintiff's Title VII claims for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6).

Dated: June 11, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ James J. Swartz, Jr.*
James J. Swartz, Jr.
SEYFARTH SHAW LLP
1075 Peachtree Street, NE, Suite 2500
Atlanta, Georgia 30309
(404) 885-1500
jswartz@seyfarth.com
TN BPR No. 034873

Tracy M. Billows, Bar No. 6274578
*Pro Hac Vice forthcoming*
tbillows@seyfarth.com
Sidratul Muntaha, Bar No. 6353441
*Pro Hac Vice forthcoming*
smuntaha@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois  60606-6448
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000

*Attorneys for Defendant*

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 11, 2026, I electronically filed the foregoing Defendant's Motion to Dismiss and Memorandum of Law in Support with the Clerk of the Court using the Court's CM/ECF system. I further certify that on June 11, 2026, pursuant to LR 5.01, a true and correct copy of the foregoing was served upon *pro se* Plaintiff, Farris Pierson, by both certified mail and electronic mail, addressed as follows:

Farris Pierson
158 Watermill Lane
Lebanon, Tennessee 37087
Fpierson2@gmail.com

*/s/ James J. Swartz, Jr.*
James J. Swartz

*Counsel for Defendant*